UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EASTMAN KODAK COMPANY,

                                Plaintiff,

                                                                             <u>DECISION AND ORDER</u>

                                                                               09-CV-6185L

                             v.

BERKSHIRE-WESTWOOD GRAPHICS GROUP, INC.,

                                Defendant.
_____

**INTRODUCTION**

Plaintiff Eastman Kodak Company ("Kodak") commenced this action for contract enforcement against defendant Berkshire-Westwood Graphics Group, Inc. ("BWGG"). Kodak seeks a money judgment against BWGG for failure to pay monies due pursuant to a Reseller Agreement and its addenda. (Dkt. #1). On April 23, 2009, the Summons and Complaint were personally served on Michael D. Parker, Esq., Berkshire-Westwood's general counsel and the registered agent for service upon it. Proof of service was filed on May 6, 2009. (Dkt. #3) BWGG has failed to appear or to answer the complaint, and indeed, BWGG's counsel has expressly informed Kodak that it declines to respond to this action. (Dkt. #6 at ¶4).

An initial Entry of Default was entered by the Clerk as of September 30, 2009. (Dkt. #5).

Plaintiff now moves for a default judgment pursuant to Fed. R. Civ. P. 5(b)(2), seeking a judgment of $3,306,030.23 in damages, plus costs and attorneys fees, against BWGG, as well as the

return of certain products. (Dkt. #6). For the reasons set forth below, that motion is granted in substantial part.

## FACTUAL ALLEGATIONS IN THE COMPLAINT

According to the complaint, on October 13, 2006, Kodak and BWGG entered into a Reseller Agreement (the "Agreement"), by which Kodak granted BWGG the right to purchase, market and resell certain Kodak products, and promised to provide BWGG with technical and marketing assistance. The Agreement further provided that products would be shipped by Kodak only against orders made by BWGG and accepted by Kodak, permitted Kodak to forego shipment if it determined that BWGG's financial condition did not justify such shipment, and provided for late fees and/or withholding of products in the event BWGG did not timely pay for the products it ordered. (Dkt. #1 at 4-5). The parties also executed a number of addenda to the Agreement.

The complaint alleges causes of action for breach of contract (unpaid charges and late fees for products ordered by BWGG, and shipped to BWGG by Kodak), unjust enrichment, estoppel (based on BWGG's promise to repay the entire amount of its invoiced goods to Kodak), account stated, conversion, and replevin.

## MOTION FOR DEFAULT JUDGMENT

Initially, in order to secure a default judgment, a party must first secure the clerk's entry of default by demonstrating, by affidavit or in some other manner, that the opposing party is in default. *See* Fed. R. Civ. Proc. 55(a); *J&J Sports Prods. v. Bimber*, 2008 U.S. Dist. LEXIS 39174 at *2

(W.D.N.Y. 2008). Once a default has been entered, the Court will accept as true the allegations of the complaint that establish the defendant's liability, and will carefully scrutinized those relating to the amount of damages. *Id.*, 2008 U.S. Dist. LEXIS 39174 at *3-*4 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

The Clerk has entered BWGG's default and Kodak has shown that it is entitled to judgment against BWGG, based on its decision not to respond to the complaint. However, the Court cannot merely accept at face value that Kodak is entitled to the particular relief it seeks. Rather, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court. . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." *Bianco v. Seaway Indus. Services, Inc.*, 2004 WL 912916, *1 (W.D.N.Y. Apr. 01, 2004) (internal citations and quotations omitted); *see also Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95-96 (2d Cir.1993). Furthermore, the Second Circuit cautions that "defaults are generally disfavored and are reserved for rare occasions," and when there is doubt as to the propriety of default relief, "the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96. The Court, therefore, must evaluate the merits of Kodak's claims and the relief it seeks. *See Wagstaff-el v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir.1990).

I have reviewed the allegations in the complaint, as well as the terms of the underlying Agreement and its addenda, in detail. I accept as true Kodak's allegations that BWGG ordered, accepted delivery – and failed to pay Kodak – for significant amounts of Kodak products. Although the amount of damages claimed by Kodak is substantial, I have examined Kodak's supporting

documentary evidence in support of its claims, comprised of an account statement listing and totaling invoices for all of the products and other charges from which the damages are calculated, totaling $3,306,030.23, and have no reason to question the authenticity or accuracy of Kodak's records. *See* Dkt. #1, Exh. I; *Nwagboli v. Teamwork Transp. Corp.*, 2009 U.S. Dist. LEXIS 121893 at *6 (S.D.N.Y. 2009) (breach of contract damages may be awarded without a hearing where the damages amount is "susceptible to mathematical computation"). I am convinced that Kodak has established its claim that BWGG breached the Agreement, and that Kodak is entitled to default judgment on its breach of contract claim. Kodak's alternate claims for unjust enrichment, account stated, conversion and replevin are dismissed as duplicative and/or insufficiently stated. *See e.g.*, *Nwagboli*, 2009 U.S. Dist. LEXIS 121893 at *24-*25 ("New York law is clear in barring claims for conversion where damages are merely sought for breach of contract" and "unjust enrichment may be employed only in the circumstance of a quasi-contract claim" and not where there is a written contract); *M&D Sportswear v. Prl USA Holdings*, 2002 U.S. Dist. LEXIS 22178 at *17 (S.D.N.Y. 200) (complaint that fails to allege survival of the subject property does not establish a claim for replevin).

## CONCLUSION

Plaintiff's motion for default judgment (Dkt. #6) is granted, and default judgment is granted to Kodak against BWGG on its claims sounding in contract. Kodak is awarded damages for breach of contract in the amount of $3,306,030.23, plus prejudgment interest, calculated at the rate of 9% per annum from June 1, 2009 (a "reasonable intermediate date" with respect to the accrual of the claims, as the invoice due dates range from January 2, 2009 to October 30, 2009), to the date of entry

of this Order. *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir. 1998) (where contractual damages arose on many occasions over time, Court may opt to fix a "reasonable intermediate date" from which to calculate prejudgment interest). Such interest adds up to $326,074.21, for a total compensatory damages figure of $3,632,104.44. Kodak's request for an additional award of $425.00 in costs is granted pursuant to Fed. R. Civ. Proc. 54(d) ("[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . should be allowed to the prevailing party"). Kodak is accordingly awarded total damages of $3,632,529.44.

Kodak has not identified any authority, such as a provision in the Reseller Agreement or its addenda, that entitles it to attorneys' fees, and its request for an award of attorneys' fees is therefore denied. *See generally Amerisource Corp. v. Rx USA Int'l*, 2010 U.S. Dist. LEXIS 52424 at *18-*19 (E.D.N.Y. 2010).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 6, 2010.